**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIHRAN SMBATYAN, | No. 12-72458 |
| Petitioner, | Agency No. A096-362-836 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2015[**]
Pasadena, California

Before: FARRIS, TASHIMA, and BYBEE, Circuit Judges.

Mihran Smbatyan petitions for review of the Board of Immigration Appeals'

denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We

review the B.I.A.'s denial of a motion to reopen for abuse of discretion. *See*

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The B.I.A. correctly denied Smbatyan's ineffective assistance of counsel claim. It was untimely <u>and</u> Smbatayn failed to show prejudice. *See* 8 C.F.R. § 1003.2(c)(2) (motions to reopen must be made within ninety days); *Mohammed*, 400 F.3d at 793 (ineffective assistance of counsel claims require deficient conduct and prejudice).

Smbatyan filed his motion to reopen six years too late. He was not entitled to equitable tolling where: (1) he did not consult another immigration lawyer about his case; (2) he only found out about the possibility of a motion to reopen by chance; and (3) he waited an undisclosed length of time, even after discovering the possibility of reopening his case, in order to gather funds to pay a lawyer.

Smbatyan also failed to show that the outcome of his immigration case might have been different but for his attorney's ineffectiveness. Smbatyan could not point to any actual mistakes in the English declarations that he claims his attorney was ineffective for submitting. Nor could he point to any specific legal arguments that his attorney failed to raise on appeal. Although Smbatyan claimed his attorney should have done more on appeal to attack the IJ's adverse credibility

determination, the B.I.A. correctly found that such an attack would have been unsuccessful even if mounted.

The B.I.A. also correctly denied Smbatyan's motion to reopen based on changed country conditions. At his removal hearing, Smbatayn himself submitted substantial evidence of violent anti-gay sentiment in Armenia. Given this, the B.I.A. did not abuse its discretion in finding that a single article that stated that hostilities towards gay men had "increased" did not show that conditions in Armenia had changed since the removal hearing. In addition, the B.I.A. correctly held that, even if Smbatyan had shown changed country conditions, they could not be material when Smbatyan was denied relief based on an adverse credibility determination that would be unaffected by changed conditions in Armenia. *See Feng Gui Lin v. Holder*, 588 F.3d 981, 986 (9th Cir. 2009) (changes in country conditions must be material).

**DENIED**.